IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


| | | |
|---|---|---|
| RAUL MORENO MENDOZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0327 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |


**REPORT AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION TO DISMISS AS MOOT and**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came this day for consideration the Petition for a Writ of Habeas Corpus by a Person in State

Custody filed by petitioner RAUL MORENO MENDOZA on September 1, 2003.[1]  By his

application, petitioner challenges the result of a disciplinary proceeding which took place on April 30,

2003, pursuant to which he lost seven-hundred thirty (730) days previously accrued good time.

On December 14, 2005, respondent filed a motion to dismiss petitioner's habeas application

arguing such application is moot because petitioner has been released to mandatory supervision.   The

only relief available to petitioner in this matter was the restoration of the good time credits forfeited by

the disciplinary action.  As petitioner has been released and is no longer incarcerated, his request for a

return of good time credits is moot.  Under Texas Government Code section 498.003(a), "[g]ood

conduct time applies only to eligibility for parole or mandatory supervision as provided by Section

---

[1]Petitioner's habeas application is deemed filed as of the date he placed his petition in the prison mail system.  *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

HAB54\DISCIP\R&R\MENDOZA.DSM-MANSUP:3

508.145 or 508.147 and does not otherwise affect an inmate's term." Therefore, it is the opinion of the undersigned that because of petitioner's release on mandatory supervision, the issues raised in his writ of habeas corpus are moot under the continuing controversy requirement and that such petition should be dismissed.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss as Moot filed by respondent be GRANTED, and that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RAUL MORENO MENDOZA be DISMISSED as moot.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of December 2005.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed

a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).